828 P.2d 346

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Howard Dean AITKEN, Defendant–Appellant.**

**No. 19304.**

Court of Appeals of Idaho.

March 27, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Atty. Gen., Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Jane M. Newby, Sp. Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Howard Aitken entered a conditional plea of guilty to grand theft, reserving the right to appeal from an adverse ruling on his motions to suppress evidence. The evidence he sought to suppress consisted of statements he had made to the police after his arrest and of fruits of the crime which police had seized during a consensual, warrantless search of a motel room rented by Aitken. We affirm.

The following undisputed facts were presented to the district court at the hear-

ing on Aitken's motion to suppress. In December, 1989, Aitken employed an elaborate scheme to obtain money from two banks in Boise. He used a traveler's check in the amount of $100 to open a savings account in each bank. He then deposited larger, commercial checks into these accounts, drawn upon an apparent business account in Albuquerque, New Mexico. Unbeknown to the Boise banks, the Albuquerque account had been closed for several months. Before the banks had time to present the out-of-state checks for clearance, Aitken withdrew $7000 from each of the savings accounts, obtaining cashier's checks from the banks, and used the money to purchase gold coins from local coin dealers. When one of the banks realized the New Mexico checks would not be honored, it reported the scheme to the police. Aitken was located by the police while he was attempting to set up a similar arrangement at a third Boise bank.

As Aitken exited this bank, he was arrested by the police for issuing no-account checks. His vehicle, which was parked in the bank's lot, was searched without a warrant and without Aitken's consent. The police found a check-protector machine and several checks evidently used by Aitken in his operation. The police took Aitken to the law enforcement building where, after receiving *Miranda* warnings, Aitken was interviewed. He gave statements describing the method and extent of his scheme. He also executed a written consent permitting the officers to search his motel room where they subsequently found a briefcase containing the gold coins. As a result of these events, Aitken was charged with two counts of grand theft for wrongfully obtaining $7000 from each of the banks.

Aitken filed separate motions to suppress the evidence seized from his automobile and from his motel room and for suppression of the statements he had given to the police while in custody. He asserted that the search of his vehicle was without probable cause, occurred without a warrant or consent and was not justified by any exigent circumstances. He also submitted that his custodial statements to the police and his consent to search the motel room

were obtained as a result of duress and coercion. After an evidentiary hearing, the court granted suppression of the evidence obtained from the vehicle, but denied the other two motions. Aitken then entered a conditional plea of guilty to one count of grand theft, reserving the right to appeal the denial of his suppression motions, and the state dismissed the other grand theft charge.

Aitken raises only one issue on appeal. He asserts that, in light of the evidence presented at the suppression hearing, the court erred by concluding that his statements to the police and the consent to search the motel room were voluntary.

▬ Our standards on review of orders denying motions to suppress evidence are well settled. We will not disturb the district court's determinations of fact which are based upon substantial evidence, but we exercise free review of the lower court's decision as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Culbertson*, 105 Idaho 128, 666 P.2d 1139 (1983); *State v. Rusho*, 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986). The burden is upon the state to show, by a preponderance of the evidence, that a defendant's confession was voluntary, *Culbertson, supra*, and that a consent to search was given freely and voluntarily. *Rusho, supra*. The voluntariness of a confession must be measured by a "totality of the circumstances" test. *State v. Johns*, 112 Idaho 873, 736 P.2d 1327 (1987), *citing Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). Likewise, the voluntariness of a consent to search must be determined from all the circumstances. *Rusho, supra, citing Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

▬ At the hearing on Aitken's motions to suppress, two police officers testified as to the events surrounding Aitken's arrest, interrogation and the search of his vehicle and motel room. Aitken did not testify at the hearing but instead relied upon his affidavit filed in support of his motions. Relevant to the issue of the voluntariness of his custodial statements and the consent

to search his motel room, the affidavit recited:

> (5) That after being taken into custody on December 22, 1990 [sic], a uniformed officer of the Boise City Police shoved me into the back of the car. Prior to any tape recording [of the custodial interview] being made, Detective Miller told me that if I cooperated with the police, I would be on the road in a couple of hours and home for Christmas.
>
> (6) That based upon the foregoing action and promise of Detective Miller, I consented to the search by law enforcement officers of my room at the Super 8 Motel in Boise, Idaho. In addition, I agreed to talk to police about my case and in fact did so at some length.

After considering the evidence presented at the suppression hearing on the question of the voluntariness of Aitken's custodial statements and consent to search, the court ruled:

> Well, at this point I'm persuaded by the evidence and the totality of the circumstances that it's more probable than not that a promise was not made that tainted either the questioning or consent to search the motel. Therefore I think those motions must be denied.

The court properly applied the preponderance of the evidence and the totality of the circumstances standards to consideration of Aitken's motions. Notably, the court's comments did not address Aitken's contention that he essentially had been subjected to a coercive circumstance because he had been "shoved into the back of the car." This is understandable, however, in light of the evidence in the record and the posture taken by Aitken during the hearing. The testimony of the police officers in describing the events surrounding Aitken's apprehension and interrogation refuted his claim that he may have been mistreated in some manner. There was no evidence, beyond the mere fact that Aitken was in custody, from which the court could conclude Aitken had been subjected to other than the normal duress inherent in any arrest. *See United States v. Jones,* 475 F.2d 723 (5th Cir.1973). As noted by the United States Supreme Court, "the fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search." *United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 828, 46 L.Ed.2d 598 (1976).

More importantly, in his argument to the court at the conclusion of the evidence, counsel for Aitken did not pursue any claim that Aitken had been coerced or mistreated by the police in any way. Instead, he focused only on the question of the alleged existence of a promise by Detective Miller to Aitken and upon the question of whether the search of Aitken's vehicle was legal. We conclude that the claim of coercive atmosphere or treatment was abandoned by Aitken and, even if the court should have made some determination with regard to that claim, the only reasonable conclusion the court could have reached, based upon the totality of the circumstances shown by the evidence presented, is that no coercion or duress had occurred.

With respect to the alleged promise by Detective Miller, the detective testified that he made no such promise. Thus, the court was faced with deciding—as between Aitken's positive assertion in his affidavit and Officer Miller's negating testimony—which of them he should believe. Evidently, the court found the officer's version to be the more credible in reaching the ultimate determination that the preponderance of the evidence showed such a promise was not made. Because the court's resolution of this question is based upon substantial evidence, it is not clearly erroneous. Consequently, the district court's decision in this regard will not be disturbed.

Under the totality of the circumstances presented to the district court, we hold the court correctly determined that both the consent to search the motel room and Aitken's statements to the police, given while he was in custody after he had received the *Miranda* warnings and waived his rights, were voluntary. Accordingly, we affirm the denial of Aitken's motions to suppress.

SWANSTROM and SILAK, JJ., concur.