861 P.2d 1212

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Robert CONNOR, Defendant–
Respondent.**

No. 20023.

Supreme Court of Idaho,
Boise, March 1993 Term.

July 9, 1993.

Larry EchoHawk, Atty. Gen., Thomas P.
Watkins, Deputy Atty. Gen., Boise, for
plaintiff-appellant. Thomas P. Watkins, argued.

Timothy J. Williams, Twin Falls, for defendant-respondent.

JOHNSON, Justice.

This is a criminal case. The first issue
presented is whether the trial court had
sufficient evidence upon which to base a
finding that the accused had an objectively
reasonable belief that he would be terminated from his employment as a state police officer if he asserted his right to remain silent under the Fifth Amendment.
We conclude that the trial court did not
have sufficient evidence upon which to
base this finding. We also conclude that
the trial court failed to determine whether
the officer was in custody at the time he
made the statements without having received advice of his *Miranda* rights.
Therefore, we vacate the trial court's suppression of the officer's statements and
remand the case for further proceedings.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

The state charged Robert Connor, an
Idaho state police officer, with the offense

of sexual abuse of a minor. Connor filed a motion to suppress statements he made during an interrogation by an investigator.

During the hearing on the motion to suppress, Connor testified that he agreed to meet with the investigator because the district commander of the state police told him that he was required to do so. He testified that his understanding was that if he did not submit to the investigation, he would be terminated from his employment.

The trial court ordered the statements suppressed, stating that Connor had a "subjective but objectively reasonable belief that his use of the Fifth Amendment in response to questions would result in his losing his job." The state admits that Connor was not advised of his *Miranda* rights prior to the interrogation. The trial court did not determine whether Connor was in custody at the time he made the statements. Instead, the trial court stated that as a state police officer, Connor was familiar with his *Miranda* rights. The state appealed.

## II.

### THE TRIAL COURT DID NOT HAVE SUFFICIENT EVIDENCE TO FIND THAT CONNOR HAD AN OBJECTIVELY REASONABLE BELIEF THAT HE WOULD LOSE HIS JOB IF HE DID NOT COOPERATE WITH THE INVESTIGATION.

■ The state asserts that the trial court did not have sufficient evidence to support a finding that Connor had an objectively reasonable belief that he would be fired if he failed to speak with the investigator. We agree.

■ In reviewing the trial court's order suppressing Connor's statements, we will not disturb findings of fact supported by substantial evidence. We exercise free review as to whether the statements should have been suppressed in light of the findings of fact. *Cf. State v. Carey*, 122 Idaho 382, 384, 834 P.2d 899, 901 (Ct.App.1992).

*Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) is the primary authority cited by the trial court in ordering the suppression. In *Garrity*, the Supreme Court held that the constitutional protection of an individual against coerced statements prohibits use in subsequent criminal proceedings of statements of a police officer obtained under threat of removal from office. *Id.* at 500, 87 S.Ct. at 620, 17 L.Ed.2d at 567. In *Garrity*, a New Jersey statute provided that if a public employee refused to testify upon matters relating to the employment in any criminal proceeding on the ground that the employee's answer might tend to incriminate the employee, the employee would forfeit the employment.

In this case, there is no statute similar to the New Jersey statute in *Garrity*. Also, there is no evidence of any policy, rule, or regulation concerning the effect on the employment of a state police officer who refuses to cooperate in an investigation concerning alleged criminal activity. The trial court found that "under common police understanding, the exercise by a suspect of [the suspect's] right to remain silent is not considered 'cooperation.'" The trial court had no evidence to support this finding.

The only evidence to support the trial court's finding that Connor had an objectively reasonable belief that his use of the Fifth Amendment in response to questions would result in his losing his job is Connor's own testimony. Connor's testimony that the district commander said he was required to meet with the investigator and that it was Connor's understanding that if he did not submit to the investigation he would be terminated from his employment do not support a finding that Connor had an objectively reasonable belief that he would be fired. This testimony supported only the trial court's finding that Connor had a subjective belief.

In the absence of an objectively reasonable belief by Connor that he would be fired if he did not answer the questions

posed in the investigation, we conclude that Connor's statements were not coerced. The trial court should not have suppressed the statements on this ground.

## III.

## ON REMAND, THE TRIAL COURT SHOULD ADDRESS THE *MIRANDA* ISSUE.

■ Connor requests that if we overturn the trial court's suppression of his statements because of lack of coercion, we should remand the case for further findings as to whether Connor was in custody and whether he was entitled to be read his *Miranda* rights prior to interrogation. We agree.

The original basis for Connor's motion to suppress was that he had been interrogated while in custody without a *Miranda* warning. In its decision on the motion, the trial court did not state whether or not Connor was in custody at the time of the interrogation. Instead, the trial court stated:

> Even though [Connor] was not *Mirandized*, it is clear that [Connor], a state trooper, was familiar with his *Miranda* rights.

In *Miranda*, the Supreme Court negated this basis for disposing of Connor's challenge to the admissibility of his statements:

> The Fifth Amendment privilege is so fundamental to our system of constitutional rule and the expedient of giving an adequate warning as to the availability of the privilege so simple, we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given. Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, whatever the background of the person interroga-

ted, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time.

*Miranda v. Arizona,* 384 U.S. 436, 468–469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694, 720 (1966) (footnote omitted).

On remand, the trial court must address whether Connor was in custody at the time he made the statements he has moved to suppress. If Connor was in custody, the trial court must suppress the statements, because Connor was not advised of his *Miranda* rights.

## IV.

## CONCLUSION.

We vacate the trial court's suppression order and remand the case to the trial court for further proceedings. We award no costs on appeal.

McDEVITT, C.J. and TROUT, J., concur.

FULLER, Judge Pro Tem., dissents.

I dissent as to Part II, and concur with Part III of the majority opinion.

Connor's undisputed testimony showed: he was under orders by the state police to cooperate in any investigation (T. p. 22, ls. 9–10); he was placed on administrative leave and told he was required to meet with the state's investigator by the state police district commander (T. p. 7, ls. 7–15); Connor's understanding was that he would be terminated from his employment if he did not submit to investigations (T. p. 8, ls. 3–8).

The *Garrity v. New Jersey* rule to exclude incriminating statements may be applied where a threat of termination was strongly implied. *See United States v. Friedrick,* 842 F.2d 382, 395 (D.C.Cir.1988). Connor's testimony meets the two-pronged test suggested in *Friedrick:* 1. the defen-

dant must have subjectively believed that he was compelled to give a statement after threat of loss of his job; 2. this belief must have been objectively reasonable at the time the statement was made.

The state ordered Connor to cooperate in any investigation, placed him on administrative leave, and told him he was required to meet with the state's investigator. Isn't this evidence sufficient to show Connor's subjective belief was objectively reasonable? Isn't the state's message to Connor abundantly clear?

Connor's testimony shows his belief was derived from actions taken by the state. State action is a necessary prerequisite to concluding that Connor's belief was objectively reasonable. *See United States v. Camacho,* 739 F.Supp. 1504, 1515 (S.D.Fla. 1990).

In my view, the trial judge's finding that Connor had an objectively reasonable belief that his use of the Fifth Amendment would result in loss of his job was based on the totality of the circumstances, and was not clearly erroneous. The proper standard of review is to defer to the trial judge's findings of fact unless they are clearly erroneous. *State v. Rusho,* 110 Idaho 556, 559, 716 P.2d 1328, 1331 (Ct.App.1986); *State v. Davis,* 115 Idaho 462, 464, 767 P.2d 837, 839 (Ct.App.1989).

In my view, the trial judge, as finder of fact, did properly find from the undisputed evidence that Connor had an objectively reasonable belief. The trial judge's finding was supported by substantial evidence and should be affirmed. *See State v. Aitken,* 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct. App.1992).

The trial judge did not make any specific findings about whether the state met its burden of proof to show Connor's statements to the investigator were voluntary. The state presented no evidence to contradict Connor's testimony. On remand, this Court should permit the trial judge the opportunity to determine this issue. The state has the burden of proof to show, by a preponderance of the evidence, that Connor's statements were voluntary. *See State v. Culbertson,* 105 Idaho 128, 130, 666 P.2d 1139, 1141 (1983).

BISTLINE, J., concurs.