941 P.2d 311

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lonnie Rex HEADLEY, Defendant–Appellant.**

No. 22692.

Supreme Court of Idaho,
Boise, February 1997 Term.

June 5, 1997.

340

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, argued, Boise, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, argued, Boise, for respondent.

TROUT, Chief Justice.

This is an appeal from the denial of a motion to dismiss/suppress resulting in a conditional guilty plea.

## I.

## BACKGROUND

On July 20, 1995, defendant Lonnie Headley was driving in Garden City, Idaho, when he was stopped by officers of the Garden City Police Department for failing to use his turn signal on two occasions. Headley produced a valid Utah driver's license. When asked if he had an Idaho license, he admitted that he did not have one and stated that he had lived in Idaho for "several months." He also volunteered that he had previously been cited for failure to purchase an Idaho license. When asked where he resided, he gave the officers the address of a house well-known to the police as a place frequented by methamphetamine users. The officers then arrested Headley for failure to purchase an Idaho driver's license. A search incident to arrest revealed methamphetamine in Headley's wallet, and methamphetamine and drug paraphernalia in his car.

## II.

## PROCEDURAL HISTORY

Headley was charged with possession of a controlled substance with the intent to deliver (felony) and driving without obtaining a driver's license (misdemeanor). He moved to dismiss/suppress the evidence found in the search, arguing that the police lacked probable cause in this case to arrest. The trial court denied the motion. Headley then pled guilty to possession of a controlled substance (felony), with the understanding that he reserved the right to appeal the ruling on his motion to dismiss/suppress. Headley now appeals.

## III.

## AUTHORITY TO ARREST

Headley first argues that the Idaho Code does not authorize the police to arrest, rather than cite and release, an individual for a misdemeanor traffic violation, including failure to purchase an Idaho driver's license. Headley relies on I.C. § 49–1407, which provides for the arrest of individuals for misdemeanor traffic violations in only three circumstances.

We hold that Headley did not raise before the trial court the issue of the applicability of I.C. § 49–1407 sufficiently to preserve it for appeal. In Headley's motion to dismiss/suppress, he did not indicate that he challenged the authority of the police to arrest under I.C. § 49–1407. Instead, Headley challenged the arrest and subsequent search on the ground that the police lacked probable cause to arrest. In addition, Headley's argument on the motion before the trial court focused exclusively on the probable cause issue. Although defense counsel mentioned generally that the arrest was invalid, he cited no case law or statutory authority to support this assertion.

We will not consider issues raised for the first time on appeal unless the alleged

error constitutes "fundamental error." *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992) (citations omitted). Fundamental error occurs where the error "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *Id.,* at 844, 828 P.2d at 873 (quoting *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991)) (additional citations omitted). Fundamental error has also been defined as "error that: (1) goes to the foundation or basis of a defendant's rights, (2) goes to the foundation of the case, or (3) takes from the defendant a right which was essential to the defendant's defense which no court could or ought to permit the defendant to waive." *State v. Babb,* 125 Idaho 934, 940, 877 P.2d 905, 911 (1994) (citing *State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993)). The issue of whether the police in this instance had the statutory authority to take Headley into custody, as opposed to issuing him a citation, does not go to the very foundation of his rights or his case, nor does it take from him a right that is essential to his defense. Thus, we decline to address this issue as it does not constitute fundamental error and was not sufficiently raised below to preserve it for appeal.

## IV.

## PROBABLE CAUSE

■ Headley next argues that the evidence obtained in the search incident to arrest should be suppressed because the officers lacked probable cause to arrest him for a violation of I.C. § 49–301, failure to purchase an Idaho driver's license. When reviewing a trial court's ruling on a defendant's motion to suppress, we defer to the trial court's factual findings unless they are clearly erroneous. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we exercise free review over whether, based upon the trial court's findings, the evidence should have been suppressed. *State v. Connor,* 124 Idaho 547, 548, 861 P.2d 1212, 1213 (1993).

■ Probable cause to arrest exists "where the officer possesses information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." *State v. Kysar,* 116 Idaho 992, 993, 783 P.2d 859, 860 (1989) (citations omitted). In determining whether probable cause to arrest exists, the officer in the field may draw reasonable inferences from the information that he has available to him. *Id.,* at 993, 783 P.2d at 860 (citations omitted).

■ In the instant case, we hold that the district court correctly concluded that the officers had probable cause to arrest Headley for failure to purchase an Idaho driver's license. Idaho Code § 49–301 requires all operators of motor vehicles to obtain a valid Idaho license, unless they are expressly exempted. Section 49–302(5) provides that a nonresident is exempted from the Idaho licensing requirement. The Code defines "resident" for driver's license purposes as "a person whose domicile has been within Idaho continuously for a period of at least ninety (90) days, excluding a full-time student who is a resident of another state." I.C. § 49–119(11). Thus, under the applicable statutes, an individual who has continuously resided in Idaho for ninety days is required to purchase an Idaho driver's license should he wish to operate a motor vehicle. The officers therefore had probable cause to arrest Headley for failure to obtain an Idaho license if they entertained a reasonable suspicion that Headley had lived continuously in Idaho for at least ninety days prior to the arrest. When stopped for failure to use a turn signal, Headley produced a valid Utah license but admitted that he had lived in Idaho for "several months," refusing to be more specific. Headley's statement and his lack of an Idaho license provided the officers with reasonable grounds to believe that Headley was in violation of the statute. In common parlance, "several" usually denotes "more than two but fewer than many." *See* WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY 795 (7th ed. 1972). From this answer and Headley's refusal to be more specific, the officers could have reasonably inferred that Headley had lived continuously in Idaho for the past three months (ninety days) without obtaining an Idaho license in violation of § 49–301. In

342

addition, the district court found persuasive the fact that Headley admitted that he had been previously cited for violation of this statute. This fact, too, contributed to the officers' reasonable belief that Headley was in violation of § 49–301 because it indicated that Headley had lived in Idaho long enough to raise the belief in another officer's mind that he was required to purchase an Idaho license and that Headley was put on notice of this requirement. We hold that the police had probable cause to arrest Headley for failure to purchase an Idaho driver's license.

## V.

### CONCLUSION

We affirm the district court's denial of Headley's motion to dismiss/suppress because the officers had probable cause to arrest Headley for failure to purchase an Idaho driver's license.

JOHNSON, McDEVITT, SILAK and SCHROEDER, JJ., concur.