953 P.2d 976

STATE of Idaho, Plaintiff–Appellant,

v.

Gary L. BENEFIEL, Defendant–
Respondent.

No. 23911.

Supreme Court of Idaho,
Lewiston, October 1997 Term.

Feb. 24, 1998.

observed a pickup traveling ahead of him. At the time of these observations, Crowe was in a marked law enforcement vehicle on official business, although he was off the tribal reservation over which he exercised jurisdiction. His attention was drawn to the vehicle, later determined to be driven by respondent Gary L. Benefiel (Benefiel), when it crossed the center line and the fog line of the road several times. Because of concerns about the vehicle's driving pattern, Crowe contacted the Nez Perce County Sheriff's Office by radio and reported his observations. Crowe continued to follow the pickup and eventually pulled Benefiel over as his driving became more erratic. In stopping the pickup, Crowe was not acting at the request of either the Idaho State Police or the Nez Perce County Sheriff.

Crowe used the overhead lights on his vehicle to effectuate the stop, and was wearing his law enforcement uniform and badge when he approached the pickup. Crowe asked Benefiel whether he had been drinking to which Benefiel responded that he had had a few drinks. Crowe noticed the odor of alcohol coming from the pickup and asked Benefiel to perform a field sobriety test. Crowe concluded that Benefiel had failed the test and asked him to remain in his pickup while they awaited the arrival of an Idaho State Police officer (the ISP officer). Crowe held Benefiel's driver's license while they waited.

Within approximately ten minutes of the initial stop by Crowe, the ISP officer arrived at the scene. After Crowe advised the ISP officer of his observations of Benefiel, Crowe left the scene. The ISP officer asked Benefiel whether he had been drinking and Benefiel replied that he had. The ISP officer then asked Benefiel to perform several field sobriety tests. The ISP officer concluded that Benefiel had failed several of the tests and, thus, he placed Benefiel under arrest for driving under the influence. The ISP officer informed Benefiel of his *Miranda* rights at the time of the arrest.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for plaintiff-appellant. Catherine O. Derden argued.

Clark & Feeney, Lewiston, for defendant-respondent. Douglas L. Mushlitz argued.

TROUT, Chief Justice.

This is an appeal from a magistrate judge's order denying respondent Gary L. Benefiel's motion to suppress evidence. We affirm the magistrate judge's determination.

## I.

### BACKGROUND

On October 2, 1993, Bureau of Indian Affairs Officer Crowe (Crowe) was driving on a state highway in Nez Perce County when he

## II.

### PROCEDURAL HISTORY

After Benefiel was charged with driving under the influence, he filed a motion to

dismiss and to suppress all evidence obtained by the police. In support of his motion, Benefiel argued that Crowe had no basis for stopping and detaining him and, thus, any such arrest was illegal. He also alleged that any evidence gathered as a result of the illegal arrest should be suppressed. Furthermore, Benefiel argued that the evidence obtained by the ISP officer must be suppressed on the basis that he was effectively in custody and was not advised of his *Miranda* rights. The magistrate judge denied Benefiel's motion.

Benefiel obtained permission to appeal this interlocutory order to the district court. The district court reversed the magistrate judge's order and remanded the case to the trial court. The State of Idaho then filed a notice of appeal. The appeal was assigned to the Court of Appeals which reversed the district court's decision and affirmed the magistrate judge's ruling.

Benefiel filed a petition for review by this Court, which was granted.

## III.

## THE MAGISTRATE JUDGE DID NOT ERR IN DENYING THE RESPONDENT'S MOTION TO DISMISS THE CASE AND SUPPRESS THE EVIDENCE

### A. Standard of Review

█ When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals; however, this Court reviews the trial court's decision directly. *State v. Avelar*, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997). In other words, this Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the magistrate judge's decision. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995) (citing *Valley Bank v. Stecklein*, 124 Idaho 694, 696, 864 P.2d 140, 142 (1993)).

█ When reviewing a trial court's ruling on a defendant's motion to suppress evidence, this Court will defer to the trial court's factual findings unless they are clearly erroneous. *State v. Headley*, 130 Idaho 339, 341, 941 P.2d 311, 313 (1997) (citing *State v. Medley*, 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995)). However, the Court exercises free review over whether, based upon the trial court's findings, the evidence should have been suppressed. *Id.* (citing *State v. Connor*, 124 Idaho 547, 548, 861 P.2d 1212, 1213 (1993)).

### B. Investigatory Stop

█ In determining whether the evidence obtained by Crowe during the investigatory stop of Benefiel should be suppressed, both the State of Idaho and Benefiel discuss I.C. § 19–604, entitled "When Private Person May Arrest." Because Crowe was acting outside of his jurisdiction at the time of the stop, the parties have discussed whether the citizen's arrest statute provides some authority for Crowe's actions. The State of Idaho argues that a citizen's authority to arrest under I.C. § 19–604 necessarily includes, in addition, the authority to conduct an investigatory stop because such a stop is less intrusive than an arrest. Benefiel contends that a private citizen lacks the authority to conduct an investigatory stop of another individual. We find that I.C. § 19–604 is irrelevant to a determination of whether the evidence obtained by Crowe during the investigatory stop should be suppressed. First, I.C. § 19–604 concerns a private citizen's authority. Crowe was not acting as a private citizen when he stopped Benefiel; rather, he was acting as a law enforcement officer. Crowe was on duty at the time of the stop and was dressed in his law enforcement uniform and badge. In addition, he was driving a marked law enforcement vehicle with an overhead light bar, and indeed, used his overhead lights to effectuate the stop of Benefiel. Second, I.C. § 19–604 concerns the authority to arrest. Crowe did not arrest, or even intend to arrest, Benefiel; rather, he was making an investigatory stop. We conclude that Crowe was acting as a law enforcement officer when he conducted an investigatory stop of Benefiel, and therefore, an analysis of the citizen's arrest statute is inappropriate.

■ Because Crowe was acting as a law enforcement officer when he stopped Benefiel, the evidence obtained by Crowe during the stop should be suppressed if Crowe violated Benefiel's Fourth Amendment rights. Not every seizure of a person needs to be justified by probable cause to arrest for a crime; an officer may detain a person for the purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest. *State v. Rawlings,* 121 Idaho 930, 932, 829 P.2d 520, 522 (1992) (citing *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). However, the police officer must have a reasonable suspicion, based on the totality of the circumstances, that the person stopped has committed or is about to commit a crime. *Id.* (citations omitted). In other words, the officer must be aware of specific articulable facts, together with rational inferences therefrom, that warrant suspicion that the person stopped has committed or is about to commit a crime. *United States v. Brignoni–Ponce,* 422 U.S. 873, 884, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975).

The facts of this case are substantially similar to those in *State v. Atkinson,* 128 Idaho 559, 916 P.2d 1284 (Ct.App.1996). In *Atkinson,* the Court of Appeals held that an officer had reasonable suspicion to conduct an investigatory stop in order to determine whether an individual was driving while intoxicated where the individual's vehicle swerved across a lane of traffic and touched the fog line. *Id.* at 561, 916 P.2d at 1286. In this case, based upon his observations of Benefiel's erratic driving, Crowe was able to articulate a basis for a reasonable suspicion justifying an investigatory stop of Benefiel's vehicle. His observations thereafter of the odor in Benefiel's car, as well as Benefiel's admissions about drinking, justified Crowe's continued detention of Benefiel until the ISP officer arrived. Therefore, we conclude that Crowe's investigatory stop did not result in a violation of Benefiel's constitutional rights and we affirm the magistrate judge's order denying Benefiel's motion to dismiss the case and suppress the evidence obtained during the stop.

## C. *Miranda* Warnings

■ Benefiel asserts that he was in custody for the purpose of *Miranda* when the ISP officer questioned him and administered the field sobriety tests. Because the ISP officer did not administer *Miranda* warnings at that time, Benefiel claims the evidence obtained by the ISP officer must be suppressed. The State of Idaho argues that the ISP officer effected an ordinary traffic stop, which does not rise to the level of "custodial interrogation."

■ A person temporarily detained pursuant to an ordinary traffic stop is not in custody for the purpose of *Miranda. Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Benefiel's vehicle was stopped by law enforcement officers in order to investigate whether Benefiel was driving while intoxicated. The ISP officer detained Benefiel for the sole purpose of conducting field sobriety tests. When Benefiel was arrested, thereby placing him in custody, Benefiel was administered his *Miranda* warnings. We agree with the magistrate judge that Benefiel was not in custody for the purpose of *Miranda* prior to the time of his arrest and because he was not in custody, there was no need to administer *Miranda* warnings. Thus, we hold that the magistrate judge did not err in denying Benefiel's motion to suppress the evidence obtained by the ISP officer during the traffic stop prior to Benefiel's arrest.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the magistrate judge's decision denying Benefiel's motion to dismiss and suppress. This case is remanded to the trial court for further proceedings.

JOHNSON and SILAK, JJ., and CAREY, J. Pro Tem., concur.

SCHROEDER, Justice, specially concurring.

I concur in the determination that the investigatory stop did not violate Benefiel's constitutional rights and, therefore, the evi-

230

dence obtained may not be suppressed under the exclusionary rule. I write separately to explain more fully the basis of my concurrence.

The exclusionary rule precludes the use of evidence that was obtained in violation of a defendant's rights under the Fourth Amendment to the U.S. Constitution or under art. I, § 17 of the Idaho Constitution. *State v. Arregui*, 44 Idaho 43, 254 P. 788 (1927). The purpose of the exclusionary rule is to prevent a violation of the constitutional guarantees against unreasonable search and seizure. *Id.* The doctrine was not created to exclude evidence that was obtained as the result of an officer's illegal action that did not violate a constitutional guarantee when there are other adequate deterrents to the police misconduct.

In this case the officer's actions were illegal, but they did not result in a violation of Benefiel's constitutional rights. The officer's actions complied with the standards for a constitutionally permissible investigatory stop. What he violated was a statutory limitation upon his authority to act. Refusal to suppress the evidence does not condone conduct by officers that exceed their authority or jurisdiction. Adequate sanctions exist other than the exclusion of evidence to deter such conduct, including potential civil liability and criminal prosecution. The officer's actions met constitutional standards, though he acted outside his jurisdiction. Consequently, the evidence will not be suppressed under the exclusionary rule.

If the argument be made that the officer is not a police officer when he acts outside his jurisdiction, the same result denying suppression would follow, though the analysis would be different if he were treated as a private person.