974 P.2d 1094

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Noe Silverio LIRA–LARA, Defendant–Respondent.**

No. 23865

Supreme Court of Idaho,
Boise, October 1998 Term.

Feb. 23, 1999.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. Kenneth L. Jorgensen, Deputy Attorney General argued.

Klaus Wiebe, Canyon County Public Defender; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for respondent. Thomas A. Sullivan argued.

PER CURIAM.

This is an appeal from the district court's order granting defendant Noe Silverio Lira–Lara's (Lira–Lara) motion to suppress evidence. We affirm the district court.

On August 26, 1996, Detective Borge (Borge) of the Canyon County Sheriff's Office received information from a confidential informant that Lira–Lara was involved in drug trafficking. The informant told Borge that Lira–Lara was using a light blue Ford van with California license plates to transport illegal drugs from California to Canyon County, Idaho, and that the van was parked at an outside storage unit at Republic Storage located in Caldwell, Idaho. The informant also gave Borge physical descriptions of Lira–Lara and his wife, Martha.

On September 2, 1996, Borge and Sergeant Bob Miles (Miles) went to Republic Storage and observed a van with California plates matching the description given by the informant. The van was registered to Lira–Lara. The manager of Republic Storage told the officers that the space the van was parked in, as well as Unit 635 in Hallway K in Building 11, was rented to Martha Lara and that Lira–Lara was a frequent visitor.

On September 27, 1996, Borge and Miles observed that the van had left the storage unit. The manager of the storage unit informed the officers that Lira–Lara had been there a couple of times that day. Borge requested that a canine officer and his dog walk the hallway of the storage unit. The dog made a positive hit on Unit 635 for narcotics.

On September 30, 1996, Borge, while surveilling the storage facility, observed the blue van make a left hand turn into Republic Storage without properly signaling. Borge activated his emergency lights and pulled in behind the van to initiate a traffic stop.

Borge notified dispatch of the traffic stop and asked dispatch to send back-up to assist in the traffic stop. When back-up arrived, Borge approached the van and made contact

with the driver who gave Borge an Idaho driver's license which identified him as Lira–Lara. Borge then discovered that Lira–Lara spoke only Spanish and contacted dispatch to request that an interpreter come to the scene. Dispatch contacted Joe Loa (Loa) of the Owyhee County Sheriff's Office.

When Loa arrived he interpreted a consent to search form to Lira–Lara. Lira–Lara agreed to consent to a search of the van and signed the form. The officers detained Lira–Lara for a total of 45 minutes before obtaining his consent.

At some point during the detention of Lira–Lara, Deputy Adams (Adams) and his service dog were called to the scene to assist in the search. While searching the van, the dog made a positive hit by the driver's door of the van. Borge then noticed a strong odor of marijuana coming from the area of the driver's door. Adams ran the dog through the van and the dog made a positive hit in the passenger door and in the rear of the van and indicated the presence of drugs in front of Unit 635 for a second time. The officers searched the van and found marijuana. The vehicle was then secured and the officers went back to the sheriff's office to obtain a search warrant. A further search of the van after the search warrant was obtained revealed more marijuana. A total of eight packages were found.

Lira–Lara was charged with Trafficking in Marijuana under I.C. § 37–2732B(a)(1)(B). Lira–Lara filed a motion to suppress evidence asserting that the warrant used to obtain the evidence was based on information gathered through an illegal search and seizure. After a hearing on the motion, the district court suppressed the evidence finding that although Borge had a reasonable basis to stop Lira–Lara, the subsequent detention violated the permissible bounds of an investigative detention because under these particular circumstances the delay of 45 minutes was unreasonably long. The district court found "that the officers did not diligently pursue the means of investigation to confirm or dispel their suspicions quickly." The court further concluded that the stop escalated into a *de facto* arrest for which there was no probable cause. The State appealed the order of suppression.

 The proper standard of review applied to the ruling of a trial court suppressing evidence on constitutional grounds is one of deference to factual findings unless they are clearly erroneous. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we exercise free review over whether, based upon the trial court's findings, the evidence should have been suppressed. *State v. Connor,* 124 Idaho 547, 548, 861 P.2d 1212, 1213 (1993).

After review of the record and the district court's findings, we affirm the findings of the district court as supported by substantial and competent evidence. Additionally, we agree with the district court that the search conducted here was unconstitutional. Consequently, the order of the district court is affirmed.