989 P.2d 285

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David E. HUDSON, Defendant–Appellant.**

#### No. 24653.

Supreme Court of Idaho, Boise, March 1999 Term.

Oct. 4, 1999.

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, for appellant. David J. Smethers argued.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent. Kimberly A. Coster argued.

TROUT, Chief Justice.

This is an appeal from the district judge's ruling denying David Hudson's (Hudson) motion to dismiss. Hudson argues that he was illegally stopped and therefore the charges should have been dismissed.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Hudson was arrested for driving without privileges in the late afternoon of July 18, 1997. This was Hudson's third offense and he was charged with a felony under I.C. § 18–8001(5). A preliminary hearing was held September 3, 1997. The only evidence presented was the testimony of the arresting officer, Ada County Sheriff's Deputy, Gary Dawson (Dawson).

Dawson testified that while patrolling an area on Highway 21 near Lucky Peak Reservoir, he observed Hudson parked at a scenic point overlooking the reservoir. Dawson further testified that in his experience people "occasionally" [1] consume alcohol at this location. Dawson parked his patrol vehicle near the lot out of Hudson's sight and conducted radar checks on other passing motorists. Some thirty minutes later, Dawson observed Hudson's vehicle move into sight, still within the lot, but as if Hudson were preparing to leave. Hudson then parked his vehicle again, remaining in the same lot. Dawson testified at that point he suspected that Hudson had seen him and had chosen not to leave.

---

1. In its ruling denying Hudson's motion, the trial court incorrectly stated that Dawson "common-ly" observed individuals consuming alcohol at the scenic overlook.

A few minutes later, Dawson drove down Highway 21, out of Hudson's view. A short time later, Dawson turned around, and when he approached the lot, Hudson was leaving. Dawson followed Hudson for a short time and noticed Hudson's vehicle twice move from side to side within his own lane, never touching the center line or fog line. At that point Dawson turned on his emergency lights and effectuated a traffic stop. A routine check through police dispatch revealed that Hudson's driver's license was suspended.

Arguing that Dawson did not have a reasonable suspicion to stop, Hudson moved to dismiss the charge of Driving Without Privileges. The magistrate judge denied the motion and bound Hudson over for trial. In district court, Hudson again moved to dismiss arguing that the charge was the result of an illegal arrest. The district judge considered the evidence presented at the preliminary hearing and denied the motion. Hudson then entered a conditional guilty plea to driving without privileges, preserving his right to appeal the ruling on the motion to dismiss under Idaho Criminal Rule 11.

## II.

### STANDARD OF REVIEW

■ When reviewing a trial court's ruling on a defendant's motion to dismiss, this Court will overturn a district court's determination of probable cause, only on a clear showing that the district judge abused his or her discretion. *State v. Pratt*, 125 Idaho 546, 556, 873 P.2d 800, 810 (1993); *State v. Owens*, 101 Idaho 632, 636, 619 P.2d 787, 791 (1980). Therefore, a trial court's determination that probable cause exists will not be deemed an abuse of discretion if under any reasonable view of the evidence, including permissible inferences, it appears likely that an offense occurred and that the accused committed it. *State v. O'Mealey*, 95 Idaho 202, 204, 506 P.2d 99, 101 (1973); *State v. Phelps*, 131 Idaho 249, 251, 953 P.2d 999, 1001 (Ct.App.1998).

## III.

### DISCUSSION

■ Hudson contends that the traffic stop leading to his arrest was unreasonable, and consequently all evidence seized from Hudson after the traffic stop should have been suppressed and the case dismissed. However, Hudson never made a motion to suppress any illegally obtained evidence in the district court. In fact, the only motion filed by Hudson in the district court was the motion to dismiss. Additionally, Hudson has failed to identify, either at the district court level or on appeal, what evidence seized from Hudson after the allegedly illegal stop should have been suppressed. Consequently, any attempt by this Court to identify such evidence would be pure supposition. Therefore, because Hudson has failed to properly raise the suppression issue on appeal, this Court is limited to a review of the evidence presented to the district court in support of probable cause in order to determine whether the district court abused its discretion in denying the motion to dismiss. *See, e.g., State v. Phelps*, 131 Idaho 249, 252–53, 953 P.2d 999, 1002–03 (Ct.App.1998) (ruling only on motion to dismiss when defendant failed to make a motion to suppress evidence seized pursuant to an allegedly illegal arrest).

■ In this case the evidence presented to the district court showed that Hudson was stopped while driving a motor vehicle; that he had a suspended drivers license; and that he had two prior convictions for driving without privileges within 5 years. Therefore, we hold that the district court was presented with sufficient evidence to find that there was probable cause to believe that the crime of felony Driving Without Privileges had been committed and that Hudson committed that crime. Consequently, the district court did not err in denying Hudson's motion to dismiss the information.

## IV.

### CONCLUSION

For the reasons indicated above, we affirm the district judge's denial of Hudson's motion to dismiss.

Justices SILAK, SCHROEDER, and WALTERS, concur.

**546**

Justice KIDWELL, specially concurring.

While I agree with the result of the majority opinion, I specially concur because I believe Officer Dawson had reasonable articulable suspicion to stop Hudson.

Reasonable articulable suspicion is intended as "a less demanding standard than the probable cause standard." *State v. DuValt,* 131 Idaho 550, 553, 961 P.2d 641, 644 (1998). When determining whether the facts rise to the level of reasonable articulable suspicion, this Court looks at the totality of the circumstances. *State v. Benefiel,* 131 Idaho 226, 229, 953 P.2d 976, 979 (1998). Furthermore, the circumstances may be considered in light of the training of the law enforcement officer. *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1980) ("[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.").

Officer Dawson testified that: 1) he observed Hudson parked in an area known to be used by individuals to consume alcohol, 2) Hudson's vehicle changed positions in the parking lot, and 3) Hudson's vehicle swerved slightly within its lane when it left the parking lot. Obviously, each of these facts, standing alone, means little; but, when taken as a whole, it is reasonable for a trained law enforcement officer to suspect that a crime like driving under the influence was occurring. Thus, the stopping of Hudson's vehicle was based on a reasonable suspicion which Officer Dawson was able to articulate for the court.

During trial, the district court had the opportunity to make an evaluation of Officer Dawson's reasonable suspicion. I am unable to find error in this evaluation. Therefore, I join the majority in affirming the district court.