**UNITED STATES of America, Appellant,**

**v.**

**Vernon O. WARD, Appellee.**

**No. 78–1958 [formerly No. 77–2771].**

United States Court of Appeals, Ninth Circuit.

June 5, 1978.

Richard W. Nichols, Asst. U. S. Atty. (argued), Sacramento, Cal., for appellant.

Bruce Babcock, Jr. (argued), Sacramento, Cal., for appellee.

Before CHAMBERS, KILKENNY and HUG, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant appeals from an order granting appellee's motion to suppress evidence obtained from appellee's business records. We affirm.

## STATEMENT OF FACTS

On March 26, 1975, an Internal Revenue Service (IRS) Agent, in the course of an investigation, went to appellee's home and persuaded the appellee to relinquish four boxes of records. Appellee did not confer with counsel before giving up the documents. Five days later appellee's attorney demanded that the IRS return all the records. The IRS refused and proceeded to photocopy the documents, which were returned to appellee on June 4, 1975.

On March 16, 1977, appellee was indicted for income tax evasion in violation of 26 U.S.C. § 7201. The motion to suppress evidence resulting from the photocopied documents was filed on May 6, 1977, and granted on June 22nd of the same year. This appeal followed.

## DISCUSSION

The district court held that a person who waives his rights under the Fourth Amendment by consenting to a search of his personal records can revoke the consent at any time prior to completion of the search. Appellant contends that this holding and the resultant grant of the motion to suppress were error.

The Fifth Circuit has recently faced this very issue in *Mason v. Pulliam*, 557 F.2d 426 (C.A.5 1977). There an IRS Agent requested permission to remove and examine certain of the appellee's personal records. Permission was granted, but one week later appellee, through his attorney, sought to rescind permission and recover the documents. The IRS refused. The district court ruled that all documents and copies thereof must be returned to the appellee. The Fifth Circuit affirmed. The court reasoned that when the basis for the search is consent the government must conform its examination to the limits of the consent. As the court noted, "[s]ince [appellee's] action was unilateral and contained no agreement as to duration it was implicitly limited by [appellee's] right to withdraw his consent." *Id.* at 429. Here the facts are exactly the same and we adopt the Fifth Circuit's reasoning as the law of this circuit.

The appellant relies principally on *United States v. Ponder*, 444 F.2d 816 (C.A.5 1971), cert. denied 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1971). However, there are two distinguishing facts between *Ponder* and *Mason*. First, the records taken in *Ponder* were produced pursuant to a summons, whereas this was not the case in *Mason*. Second, the *Ponder* court itself, in a footnote, limited its holding to a situation where the demand for return of the records was not grounded in a claim for protection of constitutional rights. This distinction was reemphasized by the Fifth Circuit in *United States v. Chapman*, 559 F.2d 402 (C.A.5 1977). Here the record clearly indicates that the first demand for return of the records was based on constitutional claims.

Moreover, the *Mason* decision casts considerable doubt on continued reliance on *Ponder*. The *Ponder* court, in significant part, relied on *Glotzbach v. Klavans*, 196 F.Supp. 685 (E.D.Va.1961) in concluding that the government could continue a search of records even after consent had been rescinded. Significantly, the author of *Glotzbach* was a member of the *Mason* panel and in a special concurrence agreed with the majority's analysis and concluded that the "continuing search after withdrawal of consent" holding of *Glotzbach* was no longer the law. Thus, it must be concluded that the panel considered the *Ponder* decision and chose not to follow it.

Because the records were given to the IRS on March 26, 1975, and the demand for return was not made until March 31, 1975, we agree with the district court that any evidence gathered or copies made from the records during the intervening five days

should not be suppressed. This poses a potentially difficult factual problem. We conclude that the district court is in a far better position to make this determination than are we.

This decision controls only the appropriateness of the district court's suppression order denying the appellant the use of the records after consent had been withdrawn. Thus, the appellant is free to seek the records through other lawful means. We leave it to the district court to decide whether or not any such request would be tainted by evidence gathered while the records were improperly held.

### CONCLUSION

The order of the district court must be affirmed.

IT IS SO ORDERED.