106 P.3d 477

STATE of Idaho, Plaintiff–Respondent,

v.

Rebekkah A. THORPE, Defendant–Appellant.

No. 30143.

Court of Appeals of Idaho.

Dec. 14, 2004.

Rehearing Denied Jan. 3, 2005.

Molly J. Huskey, State Appellate Public Defender; Christopher David Schwartz, Deputy Appellate Public Defender, Boise, for appellant. Christopher David Schwartz argued.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent. Melissa Nicole Moody argued.

## AMENDED OPINION

### THE COURT'S PRIOR OPINION DATED DECEMBER 10, 2004 IS HEREBY WITHDRAWN

WALTERS, Judge Pro Tem.

This is an appeal from a judgment of conviction entered after Rebekkah A. Thorpe conditionally entered a guilty plea to one count of possession of methamphetamine with intent to deliver. Thorpe reserved the right to appeal the district court's denial of her motion to suppress. We vacate the order denying the motion to suppress evidence and we remand the case for further proceedings.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2002, police officers arrived at Thorpe's residence attempting to locate Angela Parks. The officers asked Thorpe if they could search her apartment for Parks. Thorpe granted the officers permission to search her home for Parks. The officers found Parks and arrested her for delivery of a controlled substance. Thorpe was informed that the officers were doing an investigation into Parks' involvement in the delivery of a controlled substance, and Thorpe denied any involvement. The officers then asked Thorpe for consent to search her home

to validate her denial. Thorpe gave the officers consent to search her home for drugs.

During the officers' search of Thorpe's residence, Thorpe received a telephone call from an attorney who was representing her in a divorce proceeding. She discussed with the attorney the search that was being conducted. While still on the phone with her attorney, Thorpe informed the officers that her attorney had advised her that the officers should stop searching if they did not have a search warrant for her home. After Thorpe ended the call with her attorney, the officers continued their search over the next hour and a half. During this time, officers found bindles of methamphetamine, scales and other drug paraphernalia in the bedroom. At first, Thorpe denied that she had any involvement with drugs, but later admitted that the drugs belonged to her and her daughter. Then at the station following her arrest, Thorpe disclosed that she and her daughter were selling drugs obtained from Parks and signed a form acknowledging her consent to the earlier search of her home.

The State charged Thorpe with conspiracy to deliver a controlled substance, methamphetamine, pursuant to I.C. §§ 37-2732(a)(1)(A) and 37-2732(f). Thorpe filed a motion to suppress the drug evidence found in her home and her later statements to the police officers. Thorpe argued that, upon the advice of her attorney, she had revoked her consent to the search and had not voluntarily renewed her consent to continue the search. According to Thorpe, the evidence found and the statements made to the police should have been suppressed as fruit of the poisonous tree.[1] The district court held a hearing on the motion to suppress. Two officers, who participated in the search of Thorpe's home, testified at the hearing that Thorpe renewed her consent to the search after the phone call from her attorney, telling the officers they could continue the search since she "had nothing to hide." Thorpe also testified, but stated that she consented only to a limited search of the home for Parks initially and that she had later revoked her consent upon discussing the search with her attorney over the telephone. She denied

telling the officers that they could continue their search after the telephone conversation with her attorney. The district court denied the motion to suppress, and Thorpe entered a conditional guilty plea to an amended charge of possession of methamphetamine with the intent to deliver pursuant to I.C. § 37-2732(a)(1)(A). Thorpe appeals, challenging the order denying her motion to suppress.

## II.

### ANALYSIS

Our standard of review on orders denying motions to suppress evidence is well settled. We will not disturb the district court's determinations of fact that are based upon substantial evidence, but we exercise free review of the lower court's decision as to whether constitutional requirements have been satisfied in light of the facts found. *State. v. Culbertson*, 105 Idaho 128, 130, 666 P.2d 1139, 1141 (1983); *State v. Rusho*, 110 Idaho 556, 559, 716 P.2d 1328, 1331 (Ct.App. 1986).

A search conducted by agents of the government without a warrant is presumptively unreasonable. *State v. Woolery*, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); *State v. Bottelson*, 102 Idaho 90, 92, 625 P.2d 1093, 1095 (1981); *State v. Huskey*, 106 Idaho 91, 93, 675 P.2d 351, 353 (Ct.App. 1984). Here, the State relies upon the rule that a warrantless search may be conducted where there has been a voluntary consent to the search. *See State v. Aitken*, 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct.App.1992); *Huskey*, 106 Idaho at 93, 675 P.2d at 353. The burden is upon the State to show, by a preponderance of the evidence, that a defendant's consent to a search was given freely and voluntarily. *Culbertson*, 105 Idaho at 130, 666 P.2d at 1141; *Rusho*, 110 Idaho at 560, 716 P.2d at 1332. The voluntariness of a consent to search must be determined from the totality of the circumstances. *Rusho*, 110 Idaho at 560, 716 P.2d at 1332, *citing Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

---

1. See *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ Additionally, when the basis for a search is consent, the government must conform to the limitations placed upon the right granted to search. *United States v. Ward,* 576 F.2d 243, 244 (9th Cir.1978); *Mason v. Pulliam,* 557 F.2d 426, 429 (5th Cir.1977). The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness, "what would the typical reasonable person have understood by the exchange between the officer and the suspect." *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).

■ Thorpe argues that the district court's finding that she did not revoke her consent for officers to search her home was clearly erroneous. The officers who testified at the suppression hearing acknowledged that Thorpe told the officers that her attorney wanted them to stop searching if they did not have a warrant. The district court determined that Thorpe's statement did not constitute effective revocation of consent because she did not say that *she* wanted the officers to stop searching her home. A typical reasonable person, however, would have understood that Thorpe was asking the officers to end their search of her residence even though she was relaying instructions from her attorney and did not state that she was personally making the request. When a police officer is in a private residence solely pursuant to a resident's consent, the officer must respect a revocation of that consent. *State v. Staatz,* 132 Idaho 693, 697, 978 P.2d 881, 885 (Ct.App.1999). After Thorpe's statement, the officers were no longer acting pursuant to her initial voluntary consent. Accordingly, the district court's finding that Thorpe did not revoke consent to the search was error.

■ Whether Thorpe renewed her consent to the search was also raised during the suppression hearing. Although the officers testified that Thorpe told them to go ahead with the search because she had nothing to hide, Thorpe denied making that statement to the police. She testified instead that they told her they were going to proceed with the search anyway because they had probable cause for a search as a result of Parks' arrest. Thus there was a conflict in the

evidence on this question. Because the district court concluded that Thorpe never revoked her initial consent, the district court did not make any finding on the disputed factual issue of whether Thorpe voluntarily renewed her consent. This issue remains to be resolved. Therefore, we must remand for further findings.

## III.

## CONCLUSION

We conclude that the district court erred in finding that Thorpe did not revoke her consent to the search when, following her discussion with her attorney concerning the search, she informed the officers that the search without a warrant must cease. Because the district court did not make any finding based on the conflicting evidence regarding whether Thorpe renewed her consent to the search, the order denying Thorpe's motion to suppress evidence is set aside and the case is remanded for further proceedings.

Chief Judge LANSING and Judge GUTIERREZ concur.

