**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39559**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 607 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 1, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID R. MCDONALD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

David R. McDonald appeals from his judgment of conviction for possession of a controlled substance (methamphetamine) entered upon his conditional guilty plea. Specifically, he argues that the district court erred by denying his motion to suppress. For the following reasons, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2009, McDonald was convicted of possession of drug paraphernalia and placed on misdemeanor probation for two years. His probation agreement provided *inter alia* that he abstain from drug use or possession. The agreement also permitted probation officers to search his person, residence, and any property under his control without a warrant, as long as the officers had reasonable suspicion of evidence of a probation violation.

1

On April 28, 2011, McDonald's probation officer, Officer Gomez, determined that there was reasonable suspicion to search McDonald's house for evidence of a probation violation. The events leading up to this began when McDonald tested positive for the use of methamphetamine on both January 26 and February 1, 2011. After which, Officer Gomez instructed McDonald to enter a treatment program. McDonald did not enter the treatment program, but told Officer Gomez that he had. When Officer Gomez found out that McDonald had falsely claimed to have entered treatment, she again instructed him to enter a treatment program, and McDonald again failed to enter a treatment program. On April 18, 2011, Officer Gomez learned that McDonald had attempted to falsify a drug test. Because McDonald tested positive for methamphetamine, refused to enter treatment, and was caught trying to falsify a drug test, Officer Gomez suspected that McDonald was violating his probation by using drugs. Accordingly, Officer Gomez went to McDonald's house and searched his bedroom. She found methamphetamine, marijuana, and a device that is used to falsify urine samples for drug testing.

The State charged McDonald with possession of a controlled substance (methamphetamine). McDonald moved to suppress the evidence that Officer Gomez obtained from his bedroom. After an evidentiary hearing, the district court denied the suppression motion. The court concluded that the search was consistent with the terms of McDonald's probation agreement because Officer Gomez had reasonable suspicion to believe that searching McDonald's room would produce evidence of a probation violation. McDonald entered a conditional guilty plea, reserving his right to appeal the district court's denial of his suppression motion.

## I.

## ANALYSIS

McDonald contends the district court erroneously determined that Officer Gomez had reasonable suspicion to search his bedroom. He argues that there was no reasonable suspicion and that the evidence relied on by Officer Gomez in finding reasonable suspicion was "stale," meaning that the information was gathered too long beforehand to be reasonably related to establishing reasonable suspicion.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Warrantless searches are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993).

One exception to the warrant requirement is a search done with the consent of the party being searched. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003). Consent that is freely and voluntarily given by someone with authority is one of the recognized exceptions to the warrant requirement. *Id*. A misdemeanor probationer can waive his rights under the Fourth Amendment as a condition of probation. *State v. Purdum*, 147 Idaho 206, 208-09, 207 P.3d 182, 184-85 (2009) (citing *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987)). If a probationer waives the right to be free from warrantless searches in the terms of his or her probation agreement, then such warrantless searches are valid. *Id*. However, when a search is conducted on the basis of the consent provided in the probation agreement, the State must conform to any limitations in the probation agreement. *See State v. Thorpe*, 141 Idaho 151, 154, 106 P.3d 477, 480 (Ct. App. 2004).

In this case, the terms of McDonald's probation agreement permitted officers to search his home if they had reasonable suspicion. Establishing reasonable suspicion involves the examination of the totality of the circumstances of each case. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *State v. Rawlings*, 121 Idaho 930, 932, 829 P.2d 520, 522 (1992). Reasonable suspicion must be based on specific articulable facts and rational inferences that naturally follow from those facts. *State v. Gallegos*, 120 Idaho 894, 896-97, 821 P.2d 949, 951-52 (1991). Although establishing reasonable suspicion does not require the same quantity or quality of information that is necessary for establishing probable cause, *Alabama v. White*, 496 U.S. 325, 330 (1990), it does require more than a hunch or "inchoate and unparticularized suspicion," *United States v. Sokolow*, 490 U.S. 1, 7 (1989).

3

In this case, there were a sufficient number of articulable facts for Officer Gomez to rely on to form reasonable suspicion. First, McDonald tested positive for methamphetamine in January and February 2011. Second, McDonald lied to Officer Gomez about enrolling in a treatment program. Third, and finally, Officer Gomez learned on April 18 that McDonald was caught using a device to falsify his drug test. Collectively, these facts equate to reasonable suspicion that evidence of a probation violation would be found at McDonald's home.

McDonald argues that the above information was "stale" and, therefore, Officer Gomez could not have reasonably relied upon it to form reasonable suspicion. This argument lacks merit. The Idaho Supreme Court held that there is no magic number of days before information becomes stale. *State v. Gomez*, 101 Idaho 802, 808, 623 P.2d 110, 116 (1980). "The question must be resolved in light of the circumstances of each case." *Id.* Additionally, if the crime suspected of is "of a protracted or continuous nature, a time delay in the sequence of events is of less significance." *Id.* In this case, the probation violations that were suspected involved drug use, which can be characterized as a crime of a protracted nature. *See State v. Alexander*, 138 Idaho 18, 24, 56 P.3d 780, 786 (Ct. App. 2002) (holing that "[c]ertain nefarious activities, such as narcotics trafficking, are continuing in nature and, as a result, are less likely to become stale even over an extended period of time.") Additionally, the search occurred only ten days from the time Officer Gomez learned that McDonald had tried to falsify a drug test. Based on these facts, the information was not too stale to establish reasonable suspicion and, thus, Officer Gomez had the requisite reasonable suspicion to search McDonald's home.

## III.
## CONCLUSION

Because Officer Gomez had reasonable suspicion to search McDonald's home for evidence of a probation violation, the search was valid and the district court did not err by denying McDonald's suppression motion. Accordingly, McDonald's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

4