**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43805**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 15** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 17, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ANTHONY ROBERT BONILLA,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgments of conviction and concurrent sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Anthony Robert Bonilla appeals from his judgments of conviction and concurrent sentences for possession of methamphetamine with intent to deliver and unlawful possession of a firearm, entered upon his conditional guilty plea. Bonilla asserts the district court erred in denying his suppression motion and abused its sentencing discretion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A contact officer in an unmarked car was surveilling a problem house in the area based on a tip that there may be a male outside in a vehicle containing a mobile methamphetamine lab. During the officer's surveillance of the area, he was able to see a shotgun in the back of a brown Chevy Blazer when the lift gate was opened. The officer contacted a nearby canine officer, Officer Reimers, and then followed the vehicle as it left the location. Thereafter, both officers

1

observed the vehicle speeding and failing to properly signal. Officer Reimers stopped the vehicle and requested backup as he approached the vehicle. When asked by the officer to step out of his vehicle, Bonilla briefly refused although he ultimately complied. Officer Reimers testified at a preliminary hearing that he was concerned about officer safety at this point because Bonilla had initially refused to exit the vehicle, he was talking on his cell phone when the officer approached the vehicle, and another car driven by someone known to Bonilla spontaneously stopped in front of the signaled traffic stop.

As Bonilla exited the vehicle, Officer Reimers saw a six-inch Maglight on the driver's side floorboard, which the officer testified he knew from his training and experience could be used as a club or weapon. The officer obtained consent to search Bonilla for weapons and lifted Bonilla's shirt to look at his waistband. When doing this, the officer observed a plastic baggie containing marijuana sticking out of Bonilla's pocket. The officer then placed Bonilla under arrest and deployed a drug dog. A search of Bonilla's vehicle led to the discovery of methamphetamine, hydrocodone, Temazepam, Quetiapine, a digital scale, and a shotgun.

Bonilla was charged with unlawful possession of a firearm, possession of paraphernalia, possession of methamphetamine with the intent to deliver, possession of hydrocodone, marijuana, Temazepam, and Quetiapine without a prescription. He filed a motion to suppress all evidence and statements that he made, which was denied by the district court. Thereafter, Bonilla entered a conditional guilty plea to possession of methamphetamine with intent to deliver and unlawful possession of a firearm, and the State dismissed the remaining charges.

Bonilla was sentenced to a unified term of ten years with two years determinate on the possession with intent to deliver charge, and five years with two years determinate on the unlawful possession of a firearm charge, to be served concurrently. On appeal, Bonilla asserts the district court erred by denying his motion to suppress and abused its sentencing discretion.

## II.

## ANALYSIS

Bonilla asserts the district court erred when denying his motion to suppress, arguing the officer's search of his person exceeded the scope of a *Terry*[1] pat-down or, alternatively, the scope of Bonilla's consent. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Because it is dispositive of this matter, we turn to the question of whether the search was within the scope of Bonilla's consent. This Court addressed the issue in *State v. Tyler*, 153 Idaho 623, 288 P.3d 840 (Ct. App. 2012):

> A warrantless search may also be permissible when conducted pursuant to an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). It is well settled that when the basis for a search is consent, the State must conform its search to the limitations placed upon the right granted by the consent. *State v. Turek*, 150 Idaho 745, 749, 250 P.3d 796, 800 (Ct. App. 2011); *State v. Ballou*, 145 Idaho 840, 849, 186 P.3d 696, 705 (Ct. App. 2008); *State v. Thorpe*, 141 Idaho 151, 154, 106 P.3d 477, 480 (Ct. App. 2004). The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness, or in other words what a reasonable person would have understood by the exchange between the officer and the suspect. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *Ballou*, 145 Idaho at 849, 186 P.3d at 705.

*Tyler*, 153 Idaho at 626, 288 P.3d at 843.

In regard to consent, the district court found that "Officer Reimers asked Defendant if Defendant would allow Officer Reimers to search Defendant for weapons. Defendant indicated that he would allow Officer Reimers to do such a search. The Defendant consented to a search." That finding is supported by the preliminary hearing testimony of Officer Reimers:

> Q.    That's okay. How did he respond to your inquiry about the additional weapons?
> A.    I asked him if I could check his person for weapons, and he told me that he would allow me to do that.
> Q.    What did you discover when you patted him down for weapons?
> A.    Well, he had a T-shirt that was falling below his belt line, and when I lifted his T-shirt to inspect his waistline, I observed a baggie sticking out of the right pocket of his pants.

Thus, the court's finding is supported by substantial evidence in the record.[2] The scope for consent to search for weapons is not limited to a *Terry* pat-down. The district court found, "Although the officer lifted the shirt to look at the pants waistline rather than pat outside the clothing, lifting Defendant's shirt to check Defendant's waistband for weapons was reasonable and within the scope of consent in this case." We agree with the district court's finding that the lifting of the shirt was within the scope of consent for a search of weapons. Therefore, the search of Bonilla's person did not exceed his consent.

Following the location of marijuana, Officer Reimers arrested Bonilla and thereafter searched his automobile and located methamphetamine, hydrocodone, Temazepam, Quetiapine, a digital scale, and a shotgun. At oral argument, Bonilla as well as the State agreed that if this Court held that the search of Bonilla's person was constitutional, then the search of Bonilla's automobile would be proper under the Fourth Amendment as a search incident to a lawful arrest. Therefore, evidence found as a result of the search of Bonilla's automobile need not be suppressed. *See Thornton v. United States*, 541 U.S. 615 (2004).

Finally, Bonilla asserts the district court abused its sentencing discretion. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of

---

[2] We recognize that at the suppression hearing the officer described the consent somewhat differently, by stating Bonilla said, "yes, you can pat me--or pat me down." However, the district court made no finding that Bonilla's consent was specific to a "pat-down." Instead, as noted above, the district court found that the consent was to allow a search for weapons. The district court noted in its memorandum decision and order denying motion to suppress that it made its findings of facts based upon evidence presented at hearing, the transcript of the preliminary hearing, and the evidence submitted with briefing.

the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Bonilla was sentenced to a unified term of ten years with two years determinate on the possession with intent to deliver charge and five years with two years determinate on the unlawful possession of a firearm charge, to be served concurrently. At the sentencing hearing, the district court stated that it considered a number of factors including the protection of society, the deterrence of the crime, the rehabilitation of the offender, and punishment. The district court acknowledged that Bonilla had taken measures to overcome his difficult childhood and indicated that was why it was giving him a shorter fixed sentence. The court also stated that it viewed Bonilla's statement that he had kept his drug use away from his children was naïve and hoped Bonilla would be successful in the rehabilitative programs offered to him. The district court acted consistently with appropriate legal standards and reached its decision by an exercise of reason. The court did not abuse its sentencing discretion.

### III.

### CONCLUSION

The search of Bonilla's person, pursuant to his consent, is constitutionally valid, and the search of his vehicle is permitted as a search incident to a lawful arrest. Therefore, the district court did not err in denying Bonilla's motion to suppress. Further, the district court did not abuse its discretion in sentencing. The district court's judgments of conviction and concurrent sentences are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.